UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANA ACOSTA,

       Plaintiff,

v.                                                                                   Case No: 8:16-cv-2658-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

## ORDER

Plaintiff, Ana Acosta, seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits, and supplemental security income. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

## BACKGROUND

### A.  Procedural Background

Plaintiff filed an application for a period of disability on September 18, 2013. (Tr. 12, 254–64, 290.)  The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 81–132, 137–64.)  Plaintiff then requested an administrative hearing.  (Tr. 160–74.)  Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified.  (Tr. 26–71.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits.  (Tr. 12–20.)  Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied.  (Tr. 9–11.)  Plaintiff then

timely filed a Complaint with this Court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

B.    Factual Background and the ALJ's Decision

Plaintiff, who was born in 1964, claimed disability beginning on October 15, 2012. (Tr. 254.) Plaintiff has a high school diploma and attended the University of Santa Domingo in the Dominican Republic. (Tr. 31–32.) Plaintiff's past relevant work includes machine operator, food preparation, office cleaner, and house cleaner. (Tr. 39–46.) Plaintiff alleged disability due to depression, high blood pressure, back and stomach problems. (Tr. 305.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since October 15, 2012, the alleged onset date. (Tr. 14.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff has the following severe impairments: major depressive disorder, bipolar disorder, and borderline personality disorder. (Tr. 14.) The ALJ also determined that Plaintiff has a thoracolumbar scoliosis impairment, which was not severe. (Tr. 15.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15.) The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with some non-exertional limitations. (Tr. 16–19.) Specifically, the claimant can never climb ladders, ropes, or scaffolds. The claimant can frequently climb stairs and ramps, balance, crouch, stoop, kneel, and crawl. The claimant is limited to occasional interaction with the public and frequent interaction with co-workers and/ or supervisors. The claimant cannot communicate in English. (Tr. 16.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the

evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not fully credible. (Tr. 17.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform her past relevant work as machine operator, food preparer, office cleaner, and house cleaner/ day worker. (Tr. 19.) Accordingly, the ALJ found Plaintiff not disabled. (Tr. 20.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20

C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**ANALYSIS**

Plaintiff challenges the ALJ's decision on the grounds that the ALJ erred by substituting his opinion in place of the medical opinion evidence provided by Bettye Stanley, D.O., a state agency medical consultant. (Dkt. 28.) For the reasons that follow, Plaintiff's contention does not warrant reversal.

Under the Social Security Administration regulations, an ALJ must consider medical opinions which are "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity" of the claimant's impairments, including the claimant's symptoms, diagnosis and prognosis, the claimant's ability to perform despite impairments, and the claimant's physical or mental restrictions. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (internal quotation and citation omitted); 20 C.F.R. § 404.1527(a)(2). Likewise, an ALJ must consider the opinions of non-examining physicians, including state agency consultants. 20 C.F.R. § 404.1527(f); *Jarrett v. Comm'r of Soc. Sec.*, 422 F. App'x 869, 873 (11th Cir. 2011).

In determining the weight to accord a non-examining physician's opinion, the ALJ considers factors such as the examining or treating relationship, whether the opinion is well-supported, whether the opinion is consistent with the record, and the physician's specialization. *Luterman v. Comm'r of Soc. Sec.*, 518 F. App'x 683, 689 (11th Cir. 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)). Generally, the opinions of a non-treating or non-examining physician are given less weight than those of examining or treating physicians and, standing alone, do not constitute substantial evidence. *Poellnitz v. Astrue*, 349 F. App'x 500, 502 (11th Cir. 2009). An ALJ may nevertheless give great weight to the opinion of a state agency consulting physician when it is consistent with the record as a whole and supported by clinical findings, as those consultants

are considered experts in the Social Security disability evaluation process. 20 C.F.R. §

416.927(e)(2)(i); *Stone v. Comm'r of Soc. Sec.*, 586 F. App'x 505, 513 (11th Cir. 2014).

Importantly, while all medical opinions must be considered, the decision concerning whether a

claimant is disabled, unable to work, her RFC, and the application of vocational factors, are

reserved for the Commissioner. 20 C.F.R. § 404.1527; *Denomme v. Comm'r of Soc. Sec.*, 518 F.

App'x 875, 877–78 (11th Cir. 2013); *Caulder v. Bowen*, 791 F.2d 872, 878 (11th Cir. 1986);

*Adamo v. Comm'r of Soc. Sec.*, 365 Fed. App'x 209, 211 (11th Cir. 2010).

Here, state agency medical consultant Dr. Bettye Stanley reviewed Plaintiff's medical

records and found that Plaintiff had severe impairments of spine disorder and essential

hypertension. (Tr. 127–28.) She concluded that Plaintiff has exertional limitations and that she

could lift 50 pounds occasionally, lift 25 pounds frequently, stand and/or walk about 6 hours in an

eight hour workday, and that her ability to push and/or pull was unlimited. (Tr. 127.) Dr. Stanley

also concluded that Plaintiff has nonexertional limitations and that she could frequently climb

ramps/ stairs, occasionally climb ladders/ ropes/ scaffolds, frequently stoop, frequently kneel,

frequently crouch, and frequently crawl. (Tr. 128.)

The ALJ considered Dr. Stanley's medical opinion, but found that Plaintiff retained the

RFC to perform a full range of work at all exertional levels, but with some nonexertional

limitations. The ALJ concluded that Plaintiff can "frequently climb stairs and ramps, balance,

crouch, stoop, kneel, and crawl." (Tr. 16.) The ALJ explained:

> The undersigned affords little weight to Dr. Stanley's conclusion
> that the claimant can perform medium work. (Exh. C6A). Dr.
> Stanley summarizes the relevant findings from the consultative
> examination. However, the undersigned emphasizes that the
> consultative examiner found very few abnormalities. Dr. Stanley
> noted that she considered the claimant's pain. However, the
> undersigned did not find the claimant's allegations of pain entirely
> credible based upon her lack of treatment and her activities of daily

living.  These two factors strongly suggest less pain and limitation than alleged.

(Tr. 19.)

Accordingly, while the ALJ did not afford Dr. Stanley's medical opinion controlling weight, the ALJ considered and relied upon Dr. Stanley's opinion in part in reaching his decision. The ALJ explained his reasons for affording Dr. Stanley's opinion less than substantial or considerable weight.  Specifically, the ALJ explained that Dr. Stanley relied upon the opinion of state consultative examiner, Ghiath Kashlan, M.D., who found very few abnormalities.  (Tr. 19.) Thus, according to the ALJ, Dr. Stanley's opinion was inconsistent with the medical opinion of Dr. Kashlan, a consulting physician who rendered his opinion after examining Plaintiff.

While Dr. Kashlan is a consulting physician who examined Plaintiff in connection with her application for disability benefits, "[Dr. Kashlan's] opinion is entitled to greater weight than if he had merely reviewed the records."  *Shird v. Astrue*, 635 F.Supp.2d 1319, 1335 (M.D. Fla. 2009) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279–80 (11th Cir. 1987); *see also Poellnitz v. Astrue*, 349 F. App'x 500, 502 (11th Cir. 2009) (stating, the opinions of a non-treating or non-examining physician are given less weight than those of examining or treating physicians).  Dr. Kashlan examined Plaintiff on December 17, 2013, and noted that Plaintiff came to the clinic without any assistive device.  (Tr. 476.)  Plaintiff told Dr. Kashlan that she could walk a mile before needing to rest and that her pain was relieved with medication.  (Tr. 476, 478.)  In his examination, Dr. Kashlan observed:

> Gait appeared normal.  No ataxia or unsteadiness.  She was ambulating with no assistive device.  There was no stiffness, effusion, swelling in any of the joints.  There as spine tenderness of the spinous processes of the C-spine.  There was no redness, no warmth, no swelling, and nodules over the shoulders, elbows, wrists, hands, hips, knees, ankles, and feet.  There was no laxity or crepitations.  There was mild thoracolumbar scoliosis.  There was no paraspinal muscle tenderness.  The claimant could stand on one

leg. There was no leg discrepancy. SLR was 80 degrees in both legs.

(Tr. 477.) Further, Dr. Kashlan noted: "Muscle strength was 5/5 bilaterally in upper and lower extremities. There was no muscle weakness, no atrophy, no contractures, no spasticity, and no increased tone. . . . Claimant was able to walk on heels, toes, and was able to stand on heels and toes. Claimant was able to squat." (Tr. 478.) Thus, the record supports the ALJ's finding that Dr. Stanley's medical opinion was inconsistent with the opinion of consulting physician Dr. Kashlan who examined Plaintiff. Accordingly, the ALJ neither provided a medical opinion nor did he substitute his own opinion for Dr. Stanley's opinion. Rather, he accorded less than controlling weight to Dr. Stanley's opinion because it was inconsistent with the opinion of Dr. Kashlan. The ALJ's decision in this regard is supported by substantial evidence and is within the scope of the ALJ's function. *See Ybarra v. Comm'r of Soc. Sec.*, 658 F. App'x 538, 543 (11th Cir. 2016) (stating, "it is [the ALJ's] responsibility to resolve conflicting medical opinions"); *see also Watson v. Heckler*, 739 F.2d 1169, 1172 (11th Cir. 1984) (analyzing ALJ's resolution of conflicting medical opinions).

Moreover, the ALJ's decision that Plaintiff retained the RFC to perform a full range of work at all exertional levels with some nonexertional limitations was supported by substantial record evidence. As noted by the ALJ and the Commissioner, Plaintiff worked at a hair salon approximately three days a week. (Tr. 18, 40–41.) Plaintiff could also perform personal care, prepare meals, drive, shop, and attend religious services. (Tr. 18, 314–17.) Further, the ALJ explained that Plaintiff had:

> normal gait with no ataxia or unsteadiness; no paraspinal tenderness; and no stiffness, effusion, or swelling of the joints. Further, the claimant could stand on one leg, walk on her heels, walk on her toes, stand on her heels and toes, and squat. The claimant's muscle strength was full, and the claimant's sensation was intact. The consultative examiner's only abnormal findings consisted of some

> tenderness of the spinous processes of the cervical spine and some slightly reduced range of motion in the cervical spine.

(Tr. 18.) The ALJ's assessment of Plaintiff's RFC was fully articulated (Tr. 16–19) and was supported by substantial evidence.

Next, Plaintiff maintains that the ALJ's inclusion of nonexertional limitations in Plaintiff's RFC was inconsistent with the ALJ's finding that Plaintiff's thoracolumbar scoliosis was not severe. (Dkt. 28 at 7.) Defendant noted, however, that the Social Security Administration's ("SSA") regulations require the ALJ to consider all of Plaintiff's medically determinable impairments when assessing her RFC. (Dkt. 31 at 10.) Specifically, the SSA's regulations provide:

> We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not "severe," as explained in §§ 404.1520(c), 404.1521, and 404.1523, when we assess your residual functional capacity.

20 C.F.R. § 404.1545. The regulations further state:

> When you have a severe impairment(s), but your symptoms, signs, and laboratory findings do not meet or equal those of a listed impairment in appendix 1 of this subpart, we will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity.

(*Id.*) As such, the ALJ was required to consider all of the Plaintiff's impairments, including her thoracolumbar scoliosis in determining her RFC. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Thus, the ALJ's consideration of all of Plaintiff's impairments and inclusion of nonexertional limitations in Plaintiff's RFC was in accordance with the governing law and the determination was supported by substantial evidence.

When the ALJ's decision is supported by substantial evidence, this Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment" in the place of the ALJ's even

if the evidence preponderates against the ALJ's decision. *Bloodsworth*, 703 F.2d at 1239; *Dyer v. Barnhart*, 395 F.3d 1206, 1212 (11th Cir. 2005) (reversing the district court because it "improperly reweighed the evidence and failed to give substantial deference to the Commissioner's decision").

Accordingly, Plaintiff's contention concerning the ALJ's assessment of Dr. Stanley's medical opinion and determination of Plaintiff's RFC do not warrant reversal.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1.  The decision of the Commissioner is **AFFIRMED**

2.  The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on February 23, 2018.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record